# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM WARRANT HUTTER, JR., ) ) Plaintiff, ) ) v. ) ) CAROLYN W. COLVIN, ) Acting Commissioner of the Social ) Security Administration, ) ) Defendant. ) | Case No. CIV-15-207-SPS |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. He seeks a total of attorney's fees in the amount of $5,325.00, under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Plaintiff's Motion and Brief in Support for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 24] and Plaintiff's Supplemental Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act [Docket No. 28]. The Commissioner objects to the award of fees and urges the Court to deny the request. For the reasons set forth below, the Court concludes that the Plaintiff should be awarded the requested fees and costs under the EAJA as the prevailing party herein.

On appeal, the Plaintiff asserted that the ALJ erred in his analysis of his credibility, and that he did not have the residual functional capacity to perform significant gainful

activity. The Commissioner's response asserts that her position was substantially justified because the arguments made before this Court were plausible and reasonable in fact and law, essentially restating the arguments made in the Response Brief and challenging this Court's findings. *See* 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). The Court disagrees with the Commissioner's arguments and position. In order to establish substantial justification, the Commissioner must show that there was a reasonable basis for the position she took not only on appeal but also in the administrative proceedings below. *See, e. g., Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986). *See also Marquez v. Colvin*, 2014 WL 2050754, at *2 (D. Colo. May 16, 2014) ("For purposes of this litigation, the Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position."). "In other words, it does not necessarily follow from our decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification." *Madron*, 646 F.3d at 1258. The Commissioner's argument is that the ALJ's failure to account for the claimant's use of a colostomy bag was reasonable because he had a colostomy bag prior to his alleged onset date, and that the ALJ's citation to a nonexistent record was not raised by the Plaintiff and was therefore waived. This reasoning ignores and further crystallizes the underlying

problem that the ALJ failed to properly evaluate the evidence in the record. Furthermore, although the Commissioner may have provided some reasonable *post hoc* bases for the ALJ's findings, the ALJ did not do so in the first instance. Inasmuch as it was the ALJ's obligation to provide such a reasonable basis, *see, e. g., Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion[.]"). *See also Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("Although we review the ALJ's decision for substantial evidence, 'we are not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991), it is difficult to see how anything said on appeal could justify the ALJ's failure to do so. *See Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) ("[W]e hold that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'"), *quoting United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002).

The Court therefore concludes that the Plaintiff should be awarded attorney's fees as the prevailing party under the EAJA. *See, e. g., Gibson-Jones v. Apfel,* 995 F. Supp. 825, 826-27 n.3 (N.D. Ill. 1998) (holding that the Commissioner's position was not substantially justified where the ALJ provided an inadequate basis for denying benefits and adding: "It would be unfair to require Ms. Gibson-Jones to appeal her denial of benefits and then not award her attorney's fees because the ALJ is given a second chance to support his position."). The Commissioner cites a Sixth Circuit case for the proposition that "in

the vast majority of cases, a position defending a final administrative decision despite its imperfections will be justified." *DeLong v. Commissioner of Social Security Administration*, 748 F.3d 723, 728 (6th Cir. 2014). As noted by the Plaintiff in his Reply, and even aside from the purely persuasive authority and dicta from which this citation arrives, the Court notes that further scrutiny even in that Circuit has resulted in disavowing this statement: "In reality, both published and unpublished case law strongly supports a contrary inference that in the vast majority of social security cases, EAJA fees are awarded whenever a plaintiff wins remand." *Stacy v. Commissioner of Social Security*, 2016 WL 3079130, at *4 (S.D. Ohio May 5, 2016), *citing Glenn v. Commissioner of Social Security*, 763 F.3d 494 (6th Cir. 2014).

Accordingly, IT IS ORDERED that the Plaintiff's Motion and Brief in Support for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 24] and Plaintiff's Supplemental Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act [Docket No. 28] are hereby GRANTED and that the Government is hereby ordered to pay attorney's fees in the amount of $5,325.00 to the Plaintiff as the Prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED** this 8th day of December, 2016.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma